IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |  |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CV. NO. SA-11-CV-00185-DAE |
| D 4 L APPAREL, DRESS 4 LESS FASHIONS, MICHAEL WAYNE IVORY and JOSETTE BELLINGER, | ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE; (2) DENYING WITHOUT PREJUDICE PLAINTIFFS' <u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

Before the Court is a Motion for Partial Summary Judgment (doc. # 20) brought by Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively, "Coach") and "Objections to Summary Judgment Evidence" (doc. # 22), which the Court construes as a Motion to Strike, brought by Defendants D 4 L Apparel, Dress 4 Less Fashions, Michael Wayne Ivory, and Josette Bellinger (collectively, "Defendants"). The Court heard oral argument on the motions on February 6, 2013. After reviewing the motions and the supporting and opposing memoranda,

1

the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Strike (doc. # 22) and **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Partial Summary Judgment (doc. # 20).

## BACKGROUND

Coach is a world-renowned producer of fine leather and mixed material products including handbags, wallets, accessories, eyewear, footwear, jewelry, and watches whose annual global sales exceed three billion dollars. ("Lau Decl.," Doc. # 20-2 ¶¶ 3, 6.) The company has been in business for over seventy years. (Id. ¶ 3.) Coach registered its first trademark in June 1963 and since then has used a variety of trademarks in connection with the sale and advertisement of its goods. (Id. ¶¶ 4–5.)

Defendants Michael Wayne Ivory and Josette Bellinger operated retail clothing stores in San Antonio — D 4 L Apparel ("D 4 L") and Dress 4 Less Fashions ("Dress 4 Less"). (Doc. # 20-1 at 3.) On February 9, 2011, an investigator from Investigation Services Company, hired by Coach, entered Dress 4 Less and purchased a wallet with what appeared to be Coach trademarks for $25.00. (Id.) Coach later determined that the wallet was counterfeit and used several of Coach's registered trademarks. (Id. at 3–4.) On February 18, 2011, the San Antonio Police Department, along with Immigration and Customs

Enforcement, conducted a criminal seizure of counterfeit products — including products bearing Coach trademarks — at D 4 L and Dress 4 Less. (Id. at 4.)

On March 4, 2011, Coach filed the instant action against Defendants for: trademark and trade dress infringement, counterfeiting, false designation of origin and false advertising, and trademark dilution under the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, 1125(a), (c), and (d)); copyright infringement under the United States Copyright Act, 17 U.S.C. § 501 et seq.; injury to business reputation and trademark dilution under § 16.29 of the Texas Business and Commerce Code; and trademark infringement, unfair competition and unjust enrichment under the common law of the State of Texas. ("Compl.," Doc. # 1 ¶ 1.)

On November 8, 2011, Coach filed a Motion for Partial Summary Judgment, seeking judgment as a matter of law with respect to its claims for trademark infringement under §§ 32 and 43 of the Lanham Act. (Doc. # 20.) On November 19, 2011, Defendants filed a Response in Opposition to the Motion for Partial Summary Judgment (doc. # 21) and "Objections to Summary Judgment Evidence" (doc. # 22), which the Court construes as a Motion to Strike. On December 5, 2011, Coach filed a Reply to Defendants' Response in Opposition to the Motion for Partial Summary Judgment (doc. # 23) and a Response to the Motion to Strike (doc. # 24).

As the result of a mediation held on April 3, 2012, the parties agreed to confidential settlement terms and proceeded to work toward a formal settlement. (See doc. # 36.)  On June 20, 2012, Defendants informed Coach that they had concerns regarding the payment schedule and had withdrawn their consent to the agreement.  (Id.)  The parties were unable to arrive at an alternative arrangement. (Id.)

On September 14, 2012, Coach filed a Motion to Reset Trial Date and to Reinstate Plaintiffs' Motion for Summary Judgment.  (Id.)  The Court granted the motion on October 25, 2012.  (Doc. # 40.)

## STANDARD OF REVIEW

Summary judgment is granted under Federal Rule of Civil Procedure 56 when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Cannata v. Catholic Diocese of Austin, 700 F.3d 169, 172 (5th Cir. 2012). The main purpose of summary judgment is to dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact.  Id. at 323.  If the moving party meets this burden, the non-moving party must come forward with specific facts that

establish the existence of a genuine issue for trial. ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc., 699 F.3d 832, 839 (5th Cir. 2012).  In deciding whether a fact issue has been created, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

## DISCUSSION

For the reasons stated below, the Court grants in part and denies in part Defendants' Motion to Strike and denies without prejudice Plaintiffs' Motion for Partial Summary Judgment.

I.     Motion to Strike

Defendants bring several evidentiary objections to Coach's Motion for Partial Summary Judgment and move to "strike all declarations, exhibits, and other evidence attached to [Coach's] Motion for Summary Judgment." (Doc. # 22 at 4.) Given the relief sought, the Court construes Defendants' "Objections to Summary Judgment Evidence" as a Motion to Strike.

Federal Rule of Civil Procedure 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The Advisory Committee Notes regarding this subsection detail that "[t]he objection functions much as an objection at trial, adjusted for the pretrial setting." Fed. R. Civ. P. 56 advisory committee's notes. In the Fifth Circuit, it is well settled that "the admissibility of summary judgment evidence is subject to the same rules of admissibility applicable to a trial."[1] Pegram v. Honeywell, Inc., 361 F.3d 272, 285 (5th Cir. 2004) (quoting Resolution Trust Corp. v. Starkey, 41 F.3d 1018, 1024

---

[1] However, "[i]n reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form ." Tullous v. Texas Aquaculture Processing Co., 579 F. Supp. 2d 811, 817 (S.D. Tex. 2008) (citing Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc., 831 F.2d 77, 80 (5th Cir. 1987)). These are not the facts before the Court in the instant case because Coach is the party moving for summary judgment.

(5th Cir. 1995)).  The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.  Fed. R. Civ. P. 56 advisory committee's notes.

    A.    <u>Objections to the Declaration of Joel Voyles</u>

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  Affidavits asserting personal knowledge must include enough factual support to show that the affiant possesses that knowledge.  <u>Amie v. El Paso Ind. School Dist.</u>, 253 F. App'x 447, 451 (5th Cir. 2007) (quoting <u>El Deeb v. Univ. of Minn.</u>, 60 F.3d 423, 428 (8th Cir. 1995)).

Defendants object to the declaration of Mr. Joel Voyles concerning the undercover buy at Dress 4 Less conducted by an investigator from Investigation Services Company ("ISC") in paragraph 3 and "all statements that refer to the actions of 'ISC investigators'" on the ground that Mr. Voyles lacks personal knowledge of these events.[2]  Citing <u>DIRECTV, Inc. v. Budden</u>, 420 F.3d

---

[2] Defendants also object on hearsay grounds.  Federal Rule of Evidence 801(c) defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Because there is no out-of-court

521, 529 (5th Cir. 2005), Coach argues that personal knowledge may be "reasonably inferred" by Mr. Voyles' position as President of ISC and "the nature of [his] participation in the matters sworn to" as the supervisor of Coach's investigation into counterfeit goods sold at D 4 L and Dress 4 Less.  However, Mr. Voyles has not adequately detailed the nature of his participation in the investigation in his declaration.  Although Coach contends that Mr. Voyles was one of the investigators who conducted the seizure action in conjunction with the San Antonio Police Department and thus has personal knowledge of that event, this is not specified in Mr. Voyles' declaration.  Additionally, Mr. Voyles does not have personal knowledge of the events that transpired at the undercover buy because he was not present.  He further offers no evidence that his knowledge is based upon a review of business records.  See, e.g., F.D.I.C. v. Selaiden Builders, Inc., 973 F.2d 1249, 1255 n.12 (5th Cir. 1992) (citing RTC v. Camp, 965 F.2d 25, 29 (5th Cir. 1992).  Defendants' objections are sustained as to paragraphs 3 and 5–8.

        Defendants also object to Mr. Voyles' authentication of the photograph of the wallet from the undercover buy (paragraph 9) and the photographs of the

---

statement in Mr. Voyles' testimony, this objection is overruled.

goods taken during the criminal seizure (paragraph 14). Coach argues that these photographs were properly authenticated by Mr. Voyles as business records.

Business records that are admissible under Federal Rule of Evidence 803(6) are self-authenticating if accompanied by a written declaration of its "custodian or another qualified person" certifying that: (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of the business; and (C) making the record was a regular practice of that activity. Fed. R. Evid. 902(11). The witness or affiant need not have personal knowledge of the contents of those records, but must know about the business procedures under which the records were created. See United States v. Duncan, 919 F.2d 981, 986 (5th Cir. 1990), cert denied, 500 U.S. 926 (1991) ("There is no requirement that the witness who lays the foundation be the author of the record or be able to personally attest to its accuracy.").

As President of ISC, Mr. Voyles would likely fall into the category of "another qualified person" because he would be able to explain the record keeping habits of ISC. However, beyond a bare assertion that the record is kept in the regular course of business, Mr. Voyles does not describe the particular business duty to take the photographs or how those records are regularly kept during the

9

course of business. As such, he has failed to provide sufficient facts for the photographs to be admitted subject to the business records exception to the hearsay rule. Defendants' objection is sustained as to the photographs in paragraphs 4 and 9.

      B.      <u>Objections to the Declaration of Ethan Lau</u>

Defendants object to certain statements made in Mr. Ethan Lau's declaration because they assert that those statements are not based on personal knowledge.[3] More specifically, they object to Mr. Lau's description of the ICS investigator's undercover buy at Dress 4 Less and his description of the criminal seizure of counterfeit goods at D 4 L and Dress 4 Less. Coach argues that Mr. Lau's role as Coach's "supervisor" of the instant lawsuit gives him personal knowledge of these events. However, Mr. Lau was not personally present to witness either the undercover buy or the criminal seizure of counterfeit goods. Despite his general supervisory role over Coach investigations, it is not clear Mr. Lau actually had any personal involvement in either operation. Defendants' objection to this testimony is sustained as to paragraphs 9–14.

---

[3] Defendants also object on hearsay grounds. Federal Rule of Evidence 801(c) defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Because there is no out-of-court statement in Mr. Lau's testimony, this objection is overruled.

Defendants also object to Mr. Lau's authentication of the photographs of the wallet purchased in the undercover buy (paragraph 10) and the items taken in the criminal seizure (paragraph 14). Coach maintains that Mr. Lau received them from ICS and that they fall within the business records exception. However, as discussed above, the photographs have not been properly authenticated as business records by Mr. Voyles. As such, Defendants' objections are sustained as to paragraphs 10 and 14. Additionally, Defendants' objections to Mr. Lau's testimony identifying the fraudulent characteristics of items in those photographs is also sustained and paragraphs 15, 17, 19, 21, 23, 25, 27–33 are stricken.

Defendants also object to paragraphs 16, 18, 22, 24 of Mr. Lau's declaration regarding the average manufacturer's suggested retail price as to several Coach items because they are "vague, indefinite and cannot readily be controverted." (See Doc. # 22 at 2.) However, Mr. Lau is familiar with aspects of the sale and distribution of genuine Coach products. (Lau Decl. at ¶ 2.) As such, he is competent to testify to such matters. This objection is therefore overruled.

Defendants also object to paragraphs 36–40 of Mr. Lau's declaration, arguing that these impermissibly express legal arguments or opinions. In looking at an individual's own statements, a declarant's opinions and conclusions are admissible as long as they are "rationally based on the perception of the witness."

11

United States v. Cantu, 167 F.3d 198, 204 (5th Cir. 1999) (citing Fed. R. Evid. 602). Courts have often permitted lay witnesses to express opinions about the motivation or intent of a particular person if the witness had an adequate opportunity to observe the underlying circumstances. Hansard v. Pepsi–Cola Metro. Bottling Co., Inc., 865 F.2d 1461, 1466–67 (5th Cir. 1989).

Among other things, Mr. Lau uses legal terms of art to testify that Defendants have been "knowingly and intentionally . . . or with bad faith" trading on the goodwill and reputation of Coach trademarks. He also provides other opinion testimony that goes to ultimate issues to be decided by the Court. These are not opinions based on his personal observations and are thus improper. Defendants' objections are sustained as to paragraphs 36–40.

C. Objections to Trademark Exhibit 1-A

Defendants also assert that Exhibit 1-A, which contains copies of trademark registrations issued by the United States Patent and Trademark office, is not properly authenticated and also constitutes hearsay.

Trademark registrations fall under the so-called public records exception to the hearsay rule under Federal Rule of Evidence 803(8). Rule 803(8) provides an exception to the hearsay rule for "[a] record or statement of a public

office if: (A) it sets out . . . a matter observed while under a legal duty to report . . . and (B) neither the source of information nor other circumstances indicate a lack of trustworthiness."  The United States Patent and Trademark Office is required by statute to keep certificates of registration for trademarks that are registered on the Principal Register.  15 U.S.C. § 1057(a) ("Certificates of registration of marks registered upon the principal register shall be issued in the name of the United States of America, under the seal of the United States Patent and Trademark Office, and shall be signed by the Director or have his signature placed thereon, and a record thereof shall be kept in the United States Patent and Trademark Office.").

As a public record, a trademark registration often qualifies as a self-authenticating document under Federal Rule of Evidence 902.  For instance, Rule 902(10) states that a document is self-authenticating when "[a] signature, document, or anything else that a federal statues declares to be presumptively or prima facie genuine or authentic."  Under the Lanham Act, "copies of any records . . . belonging to the United States Patent and Trademark Office relating to marks, and copies of registrations, when authenticated by the seal of the United States Patent and Trademark Office and certified by the Director, or in his name by an employee of the Office duly designated by the Director, shall be evidence in all cases wherein the originals would be evidence."  15 U.S.C. § 1057(f).  Additionally, trademark

registrations can be self-authenticating under Rule 902(4) when a certified copy is offered into evidence or under Rule 902(1) if the registration bears a seal and a signature of attestation. Federal Rule of Evidence 1005 also provides that copies of official records may be authenticated if "testified to be correct by a witness who has compared it with the original."

In the instant case, only one of the eight copies of various Coach trademark registrations in Exhibit 1-A meets the above criteria. The copy of the certificate of registration for Reg. No. 3,696,470 has the seal of the United States Patent and Trademark Office as well as the signature of the Director of that office, thereby complying with Federal Rule of Evidence 901(a) and satisfying the statutory exception under 15 U.S.C. § 1057(f). Contrary to Coach's argument, it is not sufficient for legal counsel of Coach to authenticate the remaining seven trademark registrations because they are being offered into evidence under the public records exception. Only a custodian or other person authorized to certify the records may properly attest that a particular record is from the United States Patent and Trademark Office. Defendants' objections are therefore sustained as to the remaining seven copies of trademark registrations.

D. <u>Objections to Page Length of Motion</u>

Defendants object to the page length of Coach's Motion for Partial Summary Judgment. However, paragraph 31 of the fact sheet of Judge Rodriguez, previously assigned to this case, allowed for briefs or memorandum of less than thirty pages to be submitted without leave of court. The motion is twenty-seven pages and complies with this rule. This objection is therefore overruled.

E. <u>Objections to Depositions</u>

Defendants also object to the depositions of Mr. Ivory and Ms. Bellinger in Exhibits 3 and 4 because they are not certified by the court reporter. Federal Rule of Civil Procedure 30(f)(1) requires the court reporter to certify in writing that the witness was duly sworn and that the deposition is a true record of the testimony given by the witness. Defendants' objections are therefore sustained.

II. <u>Motion for Partial Summary Judgment</u>

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. <u>Celotex</u>, 477 U.S. at 323. Coach seeks partial summary judgment with respect to its claims for trademark infringement under §§ 32 and 43 of the Lanham Act. However, given that the photographic evidence relied upon for this the alleged infringement and the

testimony regarding the alleged seizure of counterfeit goods have been stricken, Coach has not met its burden of proof with respect to trademark infringement.

If the moving party on a motion for summary judgment fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). Coach's Motion for Partial Summary Judgment is therefore denied without prejudice, and the Court grants Coach leave to re-file its motion to cure the evidentiary deficiencies identified in this Order within fourteen (14) days.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Strike (doc. # 22) and **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Partial Summary Judgment (doc. # 20). Plaintiffs are given leave to cure the evidentiary deficiencies identified in this Order by re-filing their motion within fourteen (14) days.

IT IS SO ORDERED.

DATED: San Antonio, Texas, February 7, 2013.

_____
David Alan Ezra
Senior United States District Judge